```
JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BENJAMIN P. TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7296
    Facsimile: (415) 436-7234
    Email: Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMI IULIO,<br><br>    Defendant. | No. CR 10-168 JSW<br><br>**[PROPOSED] ORDER OF DETENTION OF DEFENDANT SIMI IULIO** |

    The defendant Simi Iulio came before this Court on May 6, 2010, for a detention hearing. The defendant was present and represented by Federal Public Defender Jodi Linker. Assistant United States Attorney Benjamin Tolkoff represented the United States.

    The government requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending detention of the defendant on the grounds of danger to the community.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as

discussed below, the Court finds by clear and convincing evidence that the defendant poses a danger to the community and that no conditions could reasonably assure the safety of the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with one count of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The instant charge stems from an incident on or about December 25, 2009. San Francisco Police officers received a call of shots fired in the vicinity of the Bayview neighborhood of San Francisco. Upon arrival, responding officers saw the defendant on the second story deck of an outdoor staircase of an apartment building holding what appeared to be an assault rifle. The defendant saw the officers and fled. The officers gave chase and arrested the defendant. Retracing the path the defendant took when he fled, the officers came upon an assault rifle. During the subsequent search of the area, officers found a .45 caliber pistol, several 45. caliber shell casings and one 7.62 mm. shell casing (the same caliber of ammunition used in the assault rifle that was found).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required:

First, the defendant has a criminal record that demonstrates his propensity for violence.

[PROPOSED] DETENTION ORDER
IULIO; CR 10-168 JSW

The defendant has a 1988 conviction for manslaughter, a 2002 conviction for misdemeanor battery, and a 2007 conviction for felony battery upon a police officer. In addition to his convictions, the defendant has been arrested on firearms charges on four occasions prior to his arrest in this case, and has two arrests for crimes of violence not reflected above.

Second, the instant offense stemmed from a particularly dangerous incident. It appears, based upon the presence of more than one firearm and the fact that both firearms found were discharged, that the defendant may have been arrested after a gunfight. The government proffered that there is DNA and gunshot residue evidence that indicates that the defendant indeed possessed and possibly fired the subject firearm. Although the Ninth Circuit has held that the least important factor in a detention hearing is the strength of the evidence against the defendant, it is nonetheless a factor to be weighed, and it reflects that the defendant is a danger to the community.

These factors, among others adduced at the hearing, demonstrate by clear and convincing evidence that the defendant is a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: May 10, 2010

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge

[~~PROPOSED~~] DETENTION ORDER
IULIO; CR 10-168 JSW